FILED
U.S. DISTRICT COURT
2017 JAN -9 P 2:20
DISTRICT OF UTAH
BY: DEPUTY CLERK

HARSHAD P. DESAI
P.O.BOX # 150, 699 N. MAIN STREET
PANGUITCH, UT 84759
(P) 435-676-8844

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

**351 SOUTH WEST TEMPLE, ROOM # 1 – 100**
**SALT LAKE CITY, UT 84101**

| | |
|---|---|
| HARSHAD P. DESAI<br>PLAINTIFF<br>v.<br>GARFIELD COUNTY GOVERNMENT<br>DEFENDANT | Case: **2:17-cv-00024**<br>Assigned To : **Parrish, Jill N.**<br>Assign. Date : **1/9/2017**<br>Description: **Desai v. Garfield County Government**<br><br>**COMPLAINT**<br><br>**District or Magistrate Judge's Name (When Applicable)** |

## INTRODUCTON

(1) Plaintiff - HARSHAD P. DESAI

(2) Defendant (singular or plural) - GARFIELD COUNTY GOVERNMENT

Actors -

Tier I - selection, screening, interviewing, committee members.

(i) Joseph Thompson

(ii) Jon Torgersen

        (iii) Trudi Owens

(iv) Tiffnie Wood

(v) Les Barker

Tier II – Commissioners (ultimate authority).

(i) Leland Pollock (Commissioner)

(ii) David B. Tebb (Commissioner)

(iii) 3rd commissioner.

**COMPLAINT:**

(1) The plaintiff is aggrieved by the defendant's prohibited activities.

(i) Civil Right Act of 1964 Section 703, 704 (Discrimination based on race, color of skin, religion, nation of origin, gander, etc; is prohibited). The plaintiff is brown in skin color, Hindu by religion, Immigrant from India / Asia, male.

(ii) The Age Discrimination in Employment Act of 1967 (Discrimination based on age is prohibited). The plaintiff was 64 year old.

(iii) 42 US Section 1983 (Deprivation of rights is prohibited). The defendant is engaged in deprivation of the plaintiff's civil rights.

(iv) 42 US Section 1985 (interference with person's civil rights is prohibited). The defendant is engaged in obstruction of justice, bullying, harassment, threats, etc.

(v) 42 US Section 1988 (vindication, black listing, exclusion, etc; are prohibited). The defendant is engaged in prohibited activity.

The defendant failed to separate (for personal gains) following two areas.

  (a) For >10 years, the plaintiff is engaged in exposing the defendant (Garfield County Government / Department of Assessor) about wrong doings (like but not limited to impersonation, intimidation, obstruction of justice, harassment, bullying, malice, non-uniform practices, etc.).

(b) The plaintiff was seeking job opportunity (open position) as "deputy assessor".

(c ) The defendant contaminated above (a) with (b) which is prohibited activity.

(vi) 42 US Section 1981 (All persons have equal rights). The plaintiff is deprived from equal rights.

(vii) 42 US Section 2000e-3 (Black listing person who exercise his/her right like but not limited to 1st amendment, asking questions, researching records, finding wrong doings, etc; is prohibited). The plaintiff is black listed.

(viii) 42 US Section 2000e-2(j) – Desperate Impact - (preferential treatment for personal gains is prohibited). The defendant has policy to hire local white only.

(ix) Amendment V (no person is deprived of life, liberty, and property. The defendant is in violation of Amendment V.

(x) Amendment XIV (no person is deprived of life, liberty, and property. The defendant is in violation of Amendment XIV.

(2) The defendant(s) black listed the plaintiff from access to the local government (the defendant) across the board (for >15 years) for his exercise of civil rights, public service, and status as an outsider. The defendant has prohibited policy (criteria) of total exclusion of the plaintiff (to have life in this area, seek job, etc.) thru performance policy like but not limited

to

(i) "We [ the defendant(s) ] black list one(s) who mention matter of law, litigation (follow due process), etc; ( considered thorn in bed / nail in head)". (Please see Attachment 2).

(ii) "We [ the defendant(s) ] black list one(s) who does not accept superiority of authorities (dictatorship) and question the authority". (please see Attachment 2). Garfield County Assessor Department (defendant) is engaged in prohibited activities (felonies in service, wrong doings in property valuations, and taxes levied thereon) and higher authorities (Garfield County Commission & attorney) failing to address and pursue the matter (engaged in cover up thru lack of response and action at any level).

    Current litigations in administrative courts ( Case # 14-2007, 2008, 2009 & case # 15-1880, 2076, 2079 ) include but not limited to

(a) Violation of Utah Code 61-2b-27 (civilized and professional conduct by governing bodies is a must).
(b) Subject to Utah Code 77-6-1( malfeasance, employees with mental conditions subject to removal, etc.).
(c) Violation of Utah Code R884-24P-19, 61-2b-3, 59-2-701 (The officer must be qualified and licensed for the job he/she is doing. The department is in gross violation).
(d) Violation of Utah Code 76-8-5-512 (impersonation is prohibited).
(e) Violation of Utah Code 76-8-5-502 (false statement, standing, records are prohibited).
(f) Violation of 76-8-5-504(6) (false misleading statement is prohibited).
(g) Violation of Utah Code 76-9-404, 505 (Libel – slandering defamation is prohibited).
(h) Violation of 76-8-306 (obstruction of justice, bullying, harassment, intimidation are prohibited activities).
(i) Violation of Title XII / Section 24 (Non-uniform policy is prohibited).

(j) Violation of Utah Title XII / Section 19 (black listing is prohibited).
(k) Utah Code – Retaliation is prohibited activity.
(l) Federal law / state law – favoritism is prohibited [ policy(ies) and performance (enforcement) based on who is who is prohibited activity].

Leading to 1920 cultural law in 2016 style –

> "Lets get that nigger. Lets teach him who owns this part of the country. Lets fry this nigger. Lets teach him meaning of power of macro over micro. ------------".

This case involves most disgusting, uncivilized (prohibited activities) approach by the defendant (Garfield County Government).

Followings are just a few examples / facts.

(A) Garfield County Assessor (Joseph Thompson) to a few initial hearings and formal hearings (2013 thru 2015) –

> "His (Plaintiff, HARSHAD P. DESAI) wife (TARLA H. DESAI) is very nice. Our problems are with him (the plaintiff) ------------."

The defendant's (Garfield County Government) approach is – "Lets (the defendant) increase values of her properties by 100 to 200% leading her to divorce him (the plaintiff). Then we (the defendant) can push him (the plaintiff) out of the area. ---------.".

(B) Eric Houston (former Garfield County prison guard, now Garfield County Sheriff, Former Panguitch City Councilman, now Panguitch City mayor, Panguitch City Economic Development Czar, etc.).

- Around 2008, Eric Houston (a prison guard in Garfield County, now deputy sheriff & mayor) stopped the plaintiff on Main Street to check

driver's license, validity of registration, insurance, etc. Finding everything current, Eric Houston said that I (the plaintiff) could go. The matter was reported to the county government (the commission and the county attorney). The issue was covered up (no action of any kind). The plaintiff moved on.

- Around 2010, Eric Houston (as deputy sheriff, Panguitch City Councilman, etc.). tried to put handcuffs on the plaintiff. When the
- plaintiff spread his hands facilitating him to put the handcuffs on the plaintiff, he (Eric Houston) jumped in his SUV and drove away. The matter was reported (in writing) to the respondent (County commission and county attorney). The issue was covered up (no action of any kind). The plaintiff moved on.
- Around 2008, Eric Houston (Deputy sheriff or prison guard) was soliciting donations (from Garfield County) on phone. When I (the plaintiff) asked for the purpose and organization, Eric Houston said "Why don't you (the plaintiff) pack up and get out of this area. ----------." The matter was reported to the county government (the commission and the county attorney). The issue was covered up (no action of any kind). The plaintiff moved on.
- There are numerous incidents (over >20 years) which are in violations of constitutional rights of the plaintiff and are / were prohibited activities. As

far as the plaintiff is concerned, the plaintiff is not going anywhere.

(iii) "We [ the defendant(s) ] black list one(s) who is outsider "

[Facts: Garfield County is located in rural, remote, mountain areas with population of about 5,000, >90% Anglo, >90% Christians, >90% republican, >80% local, etc. The plaintiff is brown in skin, Hindu by religion, Immigrant from India, M.S. in Engineering from University of Massachusetts, living in Garfield County since 1992, US citizen, emigrated to USA in 1976, etc.].

> _Texaco vs. African Blacks (1996)._
> Texaco – Out of total of 873 executives (with salary of $106,000.00 / year), only 6 were African blacks. This lead to creation of cesspool culture of – African Blacks – "black jellybeans" , "All jelly beans seem to be glued to the bottom of the bag", "we (Texaco executives) just can't have 'we and them'. We can't have black jelly beans and other jellybeans. It doesn't work", "we (Texaco Executives) are having troubles with 'Hunukkah'. Now we have 'Kwanza-----F-----ing niggers", etc.

(iv) "We [ the defendant(s) ] black list one(s) (general perception) whose arms cannot be twisted in time of need (for cover up, etc.)" .

(v) "We [ the defendant(s) ] black list one(s) who fails (or presumed) to understand local culture of 'intentional tainting results thru verbal cues and body languages.'".

(vi) "We [ the defendant(s) ] black list one(s) to maintain 'Monolithic bodies of white elites so called pillars of the community against breath of fresh air''.

> _Barbara Grutter v. Lee Bollinger [539 US 306 (2003), 288 F.3d.732]_ Extract: (1) Affirmative Action prevailed over 14th amendment. (2) Automatic points for minority / diversity is quota system and illegal. (3) "potential 'Plus' factor" is legal and requirement as it has an automatic "added qualifications" (where equality in qualifications exist and affirmative action system is in place). US Supreme Court judge Sandra D'Oconnor – University of Michigan

      was right in it's Affirmative Action Law application. Justice Sandra Day O'connor (one of majority) sided with University of Michigan (yes to affirmative action for public good).
*Jennifer Gratz vs. Lee Bollinger [ 539 US 244 (2003)]* - Extract: Automatic 20 points for minority / diversity is illegal and 14th amendment prevails. Justice Sandra Day O'connor (one of majority) sided against University of Michigan. (14th amendment prevailed).
*Allan Bakke vs. University of California (Davis) [ 438 us 265 (1978)].*
16 of 100 seats set aside for minority / diversity (Blacks, Asians, Hispanics, American Indians) was "Quota System" and was illegal (14th amendment prevailed).

(vii) "We [ the defendant(s) ] black list ones(s) for health of political structure and personal gains." (Please see Attachment 2).

(viii) Our [ the defendant(s)] requirements are not just "white" but "local white" and the one not able to do the required job and engage (directly or indirectly) in prohibited activity(ies) as the team / mob approach.

(ix) "We [ the defendant(s) ] black list one(s) under pressure of community [ Don't we (local white portion of the community) have our own for juicy job ?, etc.)]".

*Wendy Weaver vs. Nebo School District (Utah). 2:97 cv 819*
Extract – Constitutionality prevails over pure majority of community. Our country is not pure democracy (based on size of majority vs. minority) but is "Constitutional Republic" [Community can be composed of backwards, ignorants, racists, religious and cultural fanatics, etc. They have right for their thinking and exercise of their power in elective system (to vote) but prohibited from intimidation, influence, etc; in process of administration and policy creation. Actors in the public system must have spine.].

(x) The prohibited employment policy of the defendant - "for employment in county building, local white young women only".

**PRIMA FACIE**

(1) Was the position open ? – Yes.

(2) Did the plaintiff apply for the position ? – Yes.

(3) Was the plaintiff qualified ? – Yes.

(4) Does the plaintiff belong to minority status ? – Yes.

The plaintiff is brown in skin color, Hindu by religion, Immigrant from India, 65 year old, male, political affiliation – none / independent.

(5) Did the plaintiff filed with UALD (Utah Anti-Discrimination & Labor Division) and EEOC (Equal Employment Opportunity Commission) prior to coming to this court ? – Yes.

(6) Were the illegal factors like but not limited to retaliation, black listing, conflict of interest, etc; present in the process (selection, screening, interviewing committee and ultimate authority / county commission) ? – Yes ( the complaint).

**REASON FOR APPEAL**

(1) September 07, 2015 - The plaintiff applied for the position (deadline was September 08, 2015 ). (Please see Attachment 1).

(2) September 14, 2015 - The plaintiff was interviewed for the position.

(3) September 14, 2015 - The plaintiff was rejected. (Please see Attachment 1).

(4) October 07, 2015- The plaintiff filed with UALD (Utah Anti-discrimination & Labor Department) for the discrimination.

August 03, 2016 - UALD directed the plaintiff to file with EEOC (UALD did not do anything for 10 months ). (Please see attachment 1).

(5) September 26, 2016 - The plaintiff filed with EEOC [ 3300 N. Central Avenue, Suite # 690, Phoenix, AZ 85012-2504 (P) 602-640-5071].

November 02, 2016 - EEOC directed the plaintiff to go to district court ( EEOC did not do anything). (Please see Attachment 1).

**ELIGIBILITY (The Plaintiff's position).**

(1) US Government and State Government are exempted from law sue.

(i) Local government (Garfield County Government) can be sued (as a person).

(2) Ultimate authorities (Garfield County Commission), Screening / hiring / interviewing / selecting committee, are organs of the defendant's body.

(3) The defendant (Garfield County Government) can be sued as a person and/or individuals (employees, elected officials, etc.) can be sued individually for their prohibited action / performance / behavior.

(4) This case is HARSHAD P. DESAI (as the plaintiff) v. Garfield County Government (as defendant - commission as ultimate authority, Screening / hiring / interviewing / selecting committee, are organs of the defendant body).

ATTACHMENTS 1.

(1) Advertisement for the position.
(2) The plaintiff's application.
(3) Reject letter from the defendant
(4) Letters from UALD
(5) Letter from EEOC.

ATTACHMENT 2.

Three recent articles by the plaintiff in local weekly media.

01/09/17.

# MAILING CERTIFICATE:

I hereby certify that I [ ] mailed [ ] faxed [ ] emailed [ ] hand delivered [ **X** ] served a true and correct copy of the "**COMPLAINT**" this 9th day of **JANUARY** **2017** to the followings.

(1) US District Court / District of Utah

351 South West Temple, Room # 1-100, SLC, UT 84101 (P) 801-524-6100

(2) Garfield County of Utah Government.

Clerk / Recorder – Camille Moore

55 South Main Street, Panguitch, UT 84759 (P) 435-676-1100, (F) 435-676-8239

HARSHAD P. DESAI (the plaintiff)