**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **HARSHAD P. DESAI**,<br><br>                          Plaintiff,<br><br>v.<br><br>**GARFIELD COUNTY GOVERNMENT**,<br><br>                          Defendant. | **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 9)**<br><br>Case No.  2:17-cv-00024-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

On January 9, 2017, pro se Plaintiff, Harshad P. Desai, filed a Complaint against the Garfield County Government ("Garfield") alleging violations of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C. §§ 1981, 1983, 1985, 1988, 2000e-3, and 2000e-2(j).  (Compl., ECF No. 1.) Garfield moved for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2), arguing that several statutes of limitations bar the majority of Mr. Desai's allegations and that Mr. Desai fails to state a claim upon which the Court may grant relief.  (Def.'s Mot. & Supporting Mem. for J. on the Pleadings ("Mot.") 3–10, ECF No. 9.)

Based on the Complaint and the briefing, the undersigned[1] RECOMMENDS the Court GRANT Garfield's Motion and DISMISS Mr. Desai's claims for failure to state a claim.

---

[1] On January 24, 2017, District Judge Jill N. Parrish referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 6.)

## BACKGROUND

While the Complaint contains a number of allegations potentially dating back twenty years or more (see Compl. 6, ECF No. 1), the Complaint focuses on allegations that Garfield failed to hire Mr. Desai for a deputy assessor position in September 2015. (Id. at 3, 9; Supporting Docs., ECF No. 1-1.)  Mr. Desai alleges he is "brown in skin color, Hindu by religion, Immigrant from India / Asia, male," and 64 or 65 years old. (Compl. 2, 9, ECF No. 1.)  He further alleges that he was qualified for the deputy assessor position, that he applied for the position, and that Garfield did not hire him for the position.  (Id. at 9.)  The Complaint also alleges Garfield has a "local white only" and/or "local white young women only" hiring policy.  (Id. at 3, 8.)

Garfield answered the Complaint on February 3, 2017, (ECF No. 7), and filed its Motion for Judgment on the Pleadings ("Motion") on April 10, 2017.  (ECF No. 9).  Mr. Desai did not oppose Garfield's Motion in the time permitted under the District of Utah's Local Rules.  See DUCivR 7-1(b)(3)(A) (stating "memorandum opposing motions filed pursuant to Fed. R. Civ. P. [] 12(c) . . . must be filed within twenty-eight (28) days after service of the motion").  When Mr. Desai did not respond, the Court extended his time to respond until October 6, 2017.  (Mem. Decision & Order Denying Pl.'s Mot to Stay  & Setting Briefing Sched., ECF 14.)  Instead of filing an opposition within the timeframe provided by the rule or set by the Court, Mr. Desai filed an "Objection" to the Motion on November 29, 2017.  (Pl.'s Obj. to Def.'s Mot. to Dismiss the Case ("Obj."), ECF No. 24.)  Despite its untimeliness, the undersigned reviewed Mr. Desai's Objection.  In his Objection, Mr. Desai explains that the Complaint in this matter pleads employment related causes of action only.  (Id. at 2, 4.)  The Complaint does not encompass non-

employment related civil rights claims Mr. Desai may have.  (Id.)  Accordingly, the undersigned considers only the employment related causes of action raised by the Complaint.

## LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."  Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000).  To survive a motion to dismiss, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"  Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).  The court need not accept the plaintiff's conclusory allegations as true.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each claim."  Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555).  A complaint survives only if it "'states a plausible claim for relief,'" though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context."  Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall, 935 F.2d at 1110 , a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110).  While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840; see also Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (acknowledging court should "not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf").  Should a plaintiff's original complaint miss "important element[s] that may not have occurred to him," the court will grant leave to amend. Hall, 935 F.2d at 1110.

In evaluating a complaint under the Rule 12(b)(6) standard, courts may consider the exhibits attached to the complaint. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

## DISCUSSION

### A. The Applicable Statutes of Limitations Do Not Bar Mr. Desai's Claims

Garfield first argues the applicable statutes of limitations relating to Mr. Desai's Title VII, ADEA, and 42 U.S.C. §§ 1981, 1983, and 1985 claims bar the majority of the allegations in Mr. Desai's Complaint.  (Mot. 3–4, ECF No. 9.)  Because Mr. Desai's Objection clarifies that this case relates only to his employment causes of action, (Obj. 2, 4, ECF No. 24), the Court considers Garfield's statutes of limitations arguments in relation to Mr. Desai's application for the deputy assessor position.  With this clarification, the statutes of limitations do not bar Mr. Desai's claims.

Title VII requires a charging party file an Equal Employment Opportunity Commission (EEOC) charge within either 180 or 300 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  The standard 180-day limitations period expands to 300 days in states, including Utah, that have their own agency with authority to contest the challenged practice.  These same time limits apply to ADEA claims.  29 U.S.C. § 626(d)(1).  Mr. Desai filed an initial intake questionnaire with Utah's agency, the Utah Antidiscrimination and Labor Division (UALD), on October 9, 2015, alleging discrimination based on race, religion, color, national origin, and age. (Supporting Docs. 10, ECF No. 1-1.)  Thus, the statute of limitations bars any Title VII or ADEA claims concerning alleged conduct occurring more than 300-days before October 9, 2015—or December 13, 2014.

Garfield concedes that it rejected Mr. Desai for the deputy assessor position within the applicable time for filing charges.  (Mot. 6, ECF No. 9; Supporting Docs. 8,

ECF No. 1-1.)  Therefore, Mr. Desai timely asserts Title VII and ADEA claims relating to Garfield's failure to hire him for the deputy assessor position.

As to Mr. Desai's 42 U.S.C. §§ 1981, 1983, and 1985 claims arising from this same job opening, Utah's statute of limitations for personal injury actions applies.  See Brown v. Unified Sch. Dist. 501, 465 F.3d 1184, 1188 (10th Cir. 2006) ("The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983."); McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011) ("The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose" (citing Wallace v. Kato, 549 U.S. 384, 387 (2007))); Lyons v. Kyner, 367 F. App'x 878, 881 (10th Cir. 2010) (unpublished) (applying forum state's personal injury statute of limitations to § 1985(3) claim); Crosswhite v. Brown, 424 F.2d 495, 496 (10th Cir. 1970) (" The time within which [a § 1985] action must be brought is to be determined by the laws of the state where the cause of action arose.").  Utah imposes a four-year statute of limitations on personal injury claims.  Utah Code Ann. § 78B-2-307(3); see also Garza v. Burnett, 672 F.3d 1217, 1219 (10th Cir. 2012) (applying Utah Code Ann. § 78B-2-307(3) to § 1983 claim).

Mr. Desai filed his Complaint on January 9, 2017.  Therefore, the statute of limitations bars any claims concerning conduct that occurred more than four years earlier—prior to January 9, 2013.  Because Garfield rejected Mr. Desai for the position of deputy assessor in 2015, (Supporting Docs. 8, ECF No. 1-1), the statute of limitations does not bar Mr. Desai's employment-based civil rights claims either.

**B. Mr. Desai Fails to State a Claim Under Title VII**

Garfield also seeks dismissal of Mr. Desai's Title VII claims for failure to allege enough factual content to support an inference that Garfield failed to hire him because of his race, national origin, skin color, or religion.  (Mot. 7, ECF No. 9.)

1.  Title VII Discrimination (Section 703)

Mr. Desai alleges that Garfield violated section 703 of Title VII.  (Compl. 2, ECF No. 1.)  Title VII makes "fail[ing] or refus[ing] to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin" unlawful.  42 U.S.C. § 2000e–2(a)(1).  Mr. Desai identifies as "brown in skin color, Hindu by religion, Immigrant from India/Asia, male."  (Compl. 2, ECF No. 1.)  Mr. Desai applied to the open position of deputy assessor within Garfield's County Assessor's Office, possessed the requisite qualifications for the job, belonged to a protected group under Title VII.  (Id. at 3, 9.)  Mr. Desai alleges illegal considerations factored into his rejection from that position.  (Id. at 3, 7-9.)  In making this claim, Mr. Desai asserts Garfield "black listed" him and had a conflict of interest but fails to allege facts to explain what conduct these labels relate to.

A plaintiff proves a Title VII violation through direct evidence of discrimination or through indirect evidence using the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).  A policy that discriminates on its face constitutes direct evidence of discrimination.  Ramsey v. City & Cty. of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990).  The McDonnell Douglas framework requires a plaintiff first to prove a

prima facie case of discrimination.  Khalik, 671 F.3d at 1192.  "To set forth a prima facie

case of discrimination, a plaintiff must establish that (1) [he] is a member of a protected

class, (2) [he] suffered an adverse employment action, (3) [he] qualified for the position

at issue, and (4) [he] was treated less favorably than others not in the protected class."

Id.  Under the Rule 12(b)(6) standard, Mr. Desai need not establish a prima facie Title

VII case in his Complaint.  See id.  However, "the elements of each alleged cause of

action help to determine whether Plaintiff has set forth a plausible claim."  Id.

    Mr. Desai's Complaint does not adequately plead facts to support a claim for

direct discrimination under Title VII.  The Complaint and attachments refer a number of

times in quotations to a Garfield policy or requirement mandating that it hire "local

white[s]," or in one instance, "local white young women only."  (Compl. 3, 8, ECF No. 1;

Supporting Docs. 12, ECF No. 1-1.)  However, the Complaint fails to include facts that

tend to support the existence of such a policy.  Mr. Desai's conclusory statements that

such a policy exists coupled with statistics about the racial, ethnic, and religious makeup

of the county does not meet the Twombly plausibility standard.  See Iqbal, 556 U.S. at

678 (explaining a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'") (quoting Twombly, 550 U.S. at 557).  If such a policy

exists, Mr. Desai should be able to plead some details concerning that policy.  See

Khalik, 671 F.3d at 1194 ("a plaintiff must include some [] detail for a claim to be

plausible").  For example, he should be able to allege whether the policy is a "local

white" or "local white young women" policy and whether the policy is written or oral.  To

obtain details concerning such a policy, Mr. Desai could submit a request to Garfield

pursuant to the Government Records Access and Management Act ("GRAMA"), Utah

Code Ann. § 63G-2-204.  Alternatively, Mr. Desai could explain why he believes Garfield has this policy and what evidence supports this belief.

Mr. Desai's Complaint also fails to plead sufficient facts to suggest indirect evidence of discrimination.  Mr. Desai adequately pleads facts concerning the first three elements of a prima facie case.  First, Mr. Desai alleges his status as a protected class member under Title VII—a male, Hindu, immigrant from India.  (Compl. 2, ECF No. 1.) Second, he alleges he suffered an adverse employment action—that Garfield did not hire him for the deputy assessor position.  (Id. at 3, 9.)  Third, Mr. Desai alleges he qualified for the position.  (Id. at 9.)  He attaches to his Complaint a description of the job, which in terms of qualifications states only that an applicant must possess "basic office and computer skills."  (Supporting Docs. 2, ECF No. 1-1.)  Mr. Desai also attaches his resume to the Complaint, which indicates competency in those areas.  (Id. at 7.)

However, Mr. Desai fails to plead any facts to support the fourth element—that Garfield treated him less favorably than others outside the protected class.  Mr. Desai does not allege, for example, that Garfield has not hired someone from the protected class in a substantial period of time.  See Fischer v. Forestwood Co., 525 F.3d 972, 986 (10th Cir. 2008) (considering failure to interview or hire anyone from protected class for a period of years evidence of less favorable treatment).  Nor does Mr. Desai allege that Garfield denied his application and left the position open.  See Exum v. U.S. Olympic Comm., 389 F.3d 1130, 1134 (10th Cir. 2004) (explaining one way to show less favorable treatment in a failure to hire case).  Mr. Desai bases his claims on his status as a qualified, male, Hindu of Indian decent, and Garfield's failure to hire him for the deputy assessor position.  But Mr. Desai does not allege sufficient facts to show a link

between his race, color, religion, sex, or national origin and Garfield's failure to hire him. See Khalik, 671 F.3d at 1194 (finding plaintiff's claims not plausible under the Twombly/Iqbal standard where she failed to allege facts she should have known that would tend to show discrimination under Title VII).

Mr. Desai also appears to assert a claim for disparate impact discrimination pursuant to 42 U.S.C. § 2000e-2(j).  (Compl. 3, ECF No. 1).  As support for this claim he states Garfield "has policy to hire local white only."  (Id.)  "Title VII forbids not only intentional discrimination based on disparate treatment but also 'practices that are fair in form, but discriminatory in operation,' most often referred to as 'disparate impact' discrimination."  Tabor v. Hilti, Inc., 703 F.3d 1206, 1220 (10th Cir. 2013) (quoting Lewis v. City of Chicago, 560 U.S. 205, 211 (2010)).  Mr. Desai does not plead any facts to support a disparate impact claim.  The Complaint inadequately pleads a "local white only" policy for the reasons already outlined and does not allege any other practices that would have a disparate impact on any protected class to which he belongs.

The allegations in Mr. Desai's Complaint fail to "nudge[] [his] claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  Thus, he fails to state an employment discrimination claim under Title VII.  Therefore, the undersigned RECOMMENDS the District Judge dismiss Mr. Desai's Title VII (Section 703) discrimination claim without prejudice.

2.  Title VII Retaliation (Section 704)

Mr. Desai claims Garfield violated Section 704 of Title VII.  Specifically, he asserts that Garfield violated 42 U.S.C. § 2000e-3 by "[b]lack listing person who exercise his/her right like but not limited to 1st amendment, asking questions,

10

researching records, finding wrong doings, etc." (Compl. 3, ECF No. 1.) Mr. Desai fails to state a plausible retaliation claim.

Title VII makes retaliation by an employer against an applicant for employment "because he has opposed any practice made an unlawful employment practice by [Title VII]" unlawful. 42 U.S.C. § 2000e–3(a). A plaintiff can establish retaliation by directly showing that retaliation played a motivating part in the employment decision or by relying on the McDonnell Douglas framework. See Khalik, 671 F.3d at 1192. "To state a prima facie case for retaliation under Title VII, a plaintiff must show '(1) that he engaged in protected opposition to discrimination, (2) that a reasonable [applicant] would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" Id. at 1193 (quoting Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 998 (10th Cir. 2011)).

Mr. Desai fails to plead any facts indicating Garfield failed to hire him because he opposed a discriminatory employment practice. Mr. Desai alleges vaguely that he exercised his First Amendment rights, asked questions, and researched records, but the Complaint fails to tie these allegations to any alleged speech, activity, or opposition concerning a discriminatory employment practice by Garfield. Moreover, the articles Mr. Desai states he wrote, and which he attaches to his Complaint, were published after the date Garfield rejected him for the deputy assessor position. (Supporting Docs. 1-4, ECF No. 1-2.) Therefore, Mr. Desai fails to allege he plausibly engaged in protected opposition to discrimination. See Alvarado v. Donley, 490 F. App'x 932, 938 (10th Cir. 2012) (unpublished) (recognizing scope of Title VII's "anti-retaliation provision is limited

to protection against retaliation for 'protected' activity, that is, activity 'in opposition to discrimination.'") (quoting Argo v. Blue Cross & Blue Shield, Inc., 452 F.3d 1193, 1202 (10th Cir. 2006)).  Furthermore, Mr. Desai fails to plead facts showing a causal connection between any protected activity and Garfield's decision not to hire him for the deputy assessor position.

Mr. Desai fails to state a plausible Title VII retaliation claim.  Therefore, the undersigned RECOMMENDS the District Judge dismiss Mr. Desai's Title VII (Section 704) retaliation claim without prejudice.

## C. Mr. Desai Fails State a Claim Under the ADEA

Additionally, Mr. Desai claims Garfield failed to hire him because of his age, in violation of the ADEA.  (Compl. 2, ECF No. 1).  Again, as Garfield argues, (Mot. 7, ECF No. 9), Mr. Desai fails to plead facts to support this claim.

The ADEA prohibits an employer from "fail[ing] or refus[ing] to hire . . . or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  The ADEA protects "individuals who are at least 40 years of age."  29 U.S.C. § 631(a).  Thus, the ADEA "bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older."  O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996).

As with Title VII claims, a plaintiff can prove age discrimination claims through direct evidence or circumstantially by utilizing the McDonnell Douglas framework.  See Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir. 1996).  A plaintiff need not establish a prima facie case to survive a Rule 12(b)(6) motion.  Khalik, 671 F.3d at

1192. However, the "elements of a prima facie [age] discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartley v. Dep't of Agric., No. 10-CV-0323-ZLW-CBS, 2010 WL 5865371, at *3 (D. Colo. Nov. 29, 2010) (unpublished) (quoting Iqbal, 556 U.S. at 678 (internal quotations omitted)), report & recommendation adopted, 2011 WL 721861 (D. Colo. Feb. 23, 2011) (unpublished).

Similar to Title VII discrimination claims, to prove a prima facie case of age discrimination, a plaintiff must show:  "'1) [he] is a member of the class protected by the [ADEA]; 2) [he] suffered an adverse employment action; 3) [he] was qualified for the position at issue; and 4) [he] was treated less favorably than others not in the protected class." Jones v. Okla. City Pub. Sch., 617 F.3d 1273, 1279 (10th Cir. 2010) (quoting Sanchez v. Denver Pub. Schs., 164 F.3d 527, 531 (10th Cir. 1998)). Furthermore, to succeed on an age discrimination claim ultimately, "[a] plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009).

Mr. Desai alleges his age as 64 or 65 making him part of the protected class under the ADEA.  (Compl. 2, 9, ECF No. 1.)  As discussed above, he also asserts facts showing he qualified for the deputy assessor position, and Garfield did not hire him for the position.  However, Mr. Desai again fails to allege any facts showing treatment different from others not in his protected class.  For example, Mr. Desai does not allege that Garfield only employs people younger than him or that Garfield has a policy to hire people under a certain age only.  Moreover, the Complaint lacks any facts that plausibly

suggest his age provides the "but-for" cause of Garfield's failure to hire him for the deputy assessor position.  While Mr. Desai does not have to meet the "but-for" causation standard at the pleading stage, his Complaint lacks any facts suggesting, let alone plausibly alleging, that Garfield did not hire him because of his age.  Mr. Desai alleges his age and claims Garfield violated the ADEA, but he fails to allege any facts showing a causal link between his age and Garfield's decision not to hire him for the deputy assessor position.  Mr. Desai's conclusory allegations fail to state a claim.  See Iqbal, 556 U.S.at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

Because Mr. Desai fails to allege a plausible cause of action under the ADEA, the undersigned RECOMMENDS the District Judge dismiss Mr. Desai's ADEA claim without prejudice.

### D. Mr. Desai Fails to State a Claim Under 42 U.S.C. § 1981

Mr. Desai also alleges Garfield violated 42 U.S.C. § 1981.  (Compl. 3, ECF No. 1.)  Garfield argues that liability under this section "must be based on official municipal policy, or in other words, Desai must allege that a violation was caused by a custom or policy of Garfield."  (Mot. 9, ECF No. 9.)

 "[Section] 1981—which declares that all persons 'shall have the same right ... to make and enforce contracts . . . as is enjoyed by white citizens'—prohibits . . . racial discrimination in the workplace."  Lounds v. Lincare, Inc., 812 F.3d 1208, 1221 (10th Cir. 2015) (quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, __, 133 S.Ct. 2517, 2529 (2013) & 42 U.S.C. § 1981) (internal citations and quotations omitted).  As

with Title VII claims, a plaintiff may prove his § 1981 claims either directly through evidence of discrimination or indirectly through the McDonnell Douglas framework. Exum, 389 F.3d at 1134 (identifying same prima facie elements for failure to hire claim as in Title VII cases); see also Baca v. Sklar, 398 F.3d 1210, 1218 n.3 (10th Cir. 2005) (finding plaintiff's § 1981 racial discrimination claim failed for the same reason his Title VII claim failed); Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir. 1991) (stating "that in racial discrimination suits, the elements of a plaintiff's case are the same . . . whether that case is brought under §§ 1981 or 1983 or Title VII" ).

In addition, for municipal liability to arise under § 1981, Mr. Desai must show that Garfield officials "acted pursuant to a 'custom or policy' of 'discriminatory employment practices.'"  Carney v. City & Cty. of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008) (quoting Randle v. City of Aurora, 69 F.3d 441, 446 n.6 & 447 (10th Cir. 1995)); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735–36 (1989) ("[T]o prevail on [a] claim for damages against [a governmental entity], petitioner must show that the violation of his 'right to make contracts' protected by § 1981 was caused by a custom or policy . . .").  "'An unconstitutional deprivation is caused by a municipal 'policy' if it results from decisions of a duly constituted legislative body or an official whose acts may fairly be said to be those of the municipality itself.'"  Carney, 534 F.3d at 1274 (emphasis in original) (quoting Marshall v. Columbia Lea Reg'l Hosp., 345 F.3d 1157, 1177 (10th Cir. 2003)).  "A 'custom has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law.'"  Id. (quoting Marshall, 345 F.3d at 1177).  "In order to establish a custom, the actions of the municipal employees must be 'continuing, persistent and

widespread.'" Id. (quoting Gates v. Unified Sch. Dist. No. 449, 996 F.2d 1035, 1041 (10th Cir. 1993)).  "In attempting to prove the existence of such a 'continuing, persistent and widespread' custom, plaintiffs most commonly offer evidence suggesting that similarly situated individuals were mistreated by the municipality in a similar way."  Id.

Given courts analyze § 1981 claims under the same framework as Title VII claims, Mr. Desai fails to state a plausible claim under § 1981 for the same reasons he fails to state one under Title VII.  Mr. Desai alleges Garfield had a "local white" or "local white young women only" policy, (Compl. 3, 8, ECF No. 1; Supporting Docs. 12, ECF No. 1-1), but as addressed above, he alleges no facts concerning that policy.  The Complaint's bare, conclusory statements that such a policy exists fail to satisfy the Twombly plausibility standard.  Furthermore, Mr. Desai fails to allege facts that show any Garfield officials acted pursuant to a "custom or policy" of discriminatory employment practices.  Mr. Desai also fails to allege the policy resulted from a "legislative body" or a specific Garfield official "whose acts may fairly be said to be those of the municipality itself."  See Carney, 534 F.3d at 1274 (quoting Marshall, 345 F.3d at 1177).  Nor does Mr. Desai allege any facts suggesting the existence of a custom of discrimination in Garfield's government.  He does not allege, for example, that Garfield treated any other similarly situated individuals in the same way.  See Randle, 69 F.3d at 447 (noting plaintiff's "failure to allege the existence of similar discrimination as to others seriously undermines [] claim that the [municipality] maintained a custom of discriminatory personnel practices.").

Therefore, the undersigned RECOMMENDS the District Judge dismiss Mr. Desai's 42 U.S.C. § 1981 claim without prejudice.

### E.  Mr. Desai Fails to State a Claim Under 42 U.S.C. § 1983

Mr. Desai further asserts a claim under 42 U.S.C. § 1983.  (Compl. 2, ECF No.

1.)  Garfield argues that the Court should dismiss this claim because the Complaint fails

to allege factual content that would allow the Court to draw an inference that Garfield

engaged in civil rights violations for which § 1983 provides remedy.  (Mot. 8, ECF No.

9.)

"The elements of a section 1983 claim are the deprivation of rights secured by

the Constitution or federal law, and action occurring under color of state law."  Garcia v.

Wilson, 731 F.2d 640, 651 (10th Cir. 1984).  Section 1983 creates a cause of action for

violations of constitutional rights; it does not itself grant any substantive rights.  Id. at

650 (citing Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617–18 (1979)

("[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does

not protect anyone against anything.")).  Viewing the Complaint's allegations in the light

most favorable to Mr. Desai, he appears to premise his § 1983 claims on alleged

employment discrimination and resultant violations of the Fifth and Fourteenth

Amendments.  (See Compl. 2–3, 9, ECF No. 1.)

As with § 1981 claims, a plaintiff "seeking to impose liability on a municipality

under section 1983 must identify a municipal 'policy' or 'custom' causing their injury."

Marshall, 345 F.3d at 1177; see also Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403

(1997) ("[I]n Monell [v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978)]

and subsequent cases, we have required a plaintiff seeking to impose liability on a

municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the

plaintiff's injury.").  For the reasons set forth in the § 1981 section above, Mr. Desai fails

to allege sufficient facts to show that a Garfield policy or custom caused his injury.  This failing alone proves fatal to the § 1983 claim.

Moreover, Mr. Desai's § 1983 employment discrimination claim also fails because courts review § 1983 claims, like § 1981 claims, under the same framework as Title VII claims.  See Drake, 927 F.2d at 1162 ("[T]he elements of a plaintiff's case are the same, based on the disparate treatment elements outlined in McDonnell Douglas, whether that case is brought under §§ 1981 or 1983 or Title VII."); Baca, 398 F.3d at 1218 n.3 (finding plaintiff's § 1983 racial discrimination claim failed for the same reason his Title VII claim failed).  Thus, the Complaint fails to state a plausible employment discrimination claim under § 1983 for the same reasons it also fails to state one under Title VII or § 1981.

Furthermore, Mr. Desai cannot assert a § 1983 claim premised on a Fifth Amendment violation against Garfield—a Utah county—because it is not a federal actor.  "From the earliest interpretations of this amendment, courts have agreed that the Fifth Amendment protects against actions by the federal government."  See Smith v. Kitchen, 156 F.3d 1025, 1028 (10th Cir. 1997).

Therefore, the undersigned RECOMMENDS the District Judge dismiss Mr. Desai's 42 U.S.C. § 1983 claim without prejudice.

**F.  Mr. Desai Fails to State a Claim Under 42 U.S.C. § 1985**

Mr. Desai also asserts that Garfield violated 42 U.S.C. § 1985 by engaging "in obstruction of justice, bullying, harassment, threats, etc."  (Compl. 2, ECF No. 1.) Garfield argues that Mr. Desai fails to allege facts regarding the elements of a § 1985(3)

claim and that Mr. Desai cannot use § 1985 to enforce rights created by Title VII.  (Mot. 9, ECF No. 9.)

An obstruction of justice conspiracy claim under § 1985(2) requires three elements:  "(1) a conspiracy, (2) to deter attendance in court or testimony by force or intimidation or to injure a witness for having appeared in court or testified, and (3) injury to the plaintiff."  Hogan v. Winder, 762 F.3d 1096, 1113 (10th Cir. 2014).  While Mr. Desai alleges Garfield engaged in "obstruction of justice," he does not assert any facts showing Garfield, or any Garfield employees, attempted to deter his appearance in court or injure him for having appeared in court.  Therefore, Mr. Desai fails to state a plausible § 1985(2) claim.  See id. at 1114 ("[A] [§ 1985(2)] claim fails when the complaint does not allege either that the defendant's actions in some way were designed to intimidate or deter the plaintiff from appearing in a judicial proceeding . . . or to injure a person for appearing in court.")

"[A] § 1985(3) claim generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privileges and immunities under the laws."  Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990).  "The essential elements of a § 1985(3) claim are:  (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."  Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).  "Conclusory allegations that the defendants acted in concert or conspired without specific factual allegations to support such assertions are insufficient to state a claim under § 1985(3)."  Archuleta v. City of Roswell, 898 F. Supp. 2d 1240, 1248 (D. N.M. 2012).

Mr. Desai does not plead sufficient facts to support a § 1985(3) claim.  As an initial matter, § 1985(3) "may not be invoked to redress violations of Title VII," Drake, 927 F.2d at 1162, and Mr. Desai does not plead any facts within the limitations period independent of his Title VII employment discrimination claim that would support a § 1985(3) claim.  See id. at 1163 (finding that "the allegations of the complaint are not specific enough to provide any independent source [apart from Title VII] to support a § 1985(3) claim").  Moreover, Mr. Desai does not plead facts clearly falling within the limitations period that plausibly show a conspiracy between two or more persons or an act in furtherance of any conspiracy.

Accordingly, the undersigned RECOMMENDS the District Judge dismiss Mr. Desai's 42 U.S.C. § 1985 claim for failure to state a claim without prejudice.

### G. 42 U.S.C. § 1988 Does Not Create an Independent Cause of Action

Mr. Desai alleges that Garfield violated 42 U.S.C. § 1988.  (Compl. 2, ECF No. 1.)  Garfield argues that § 1988 "does not provide a cause of action; rather, it governs actions brought to enforce other civil rights provisions."  (Mot. 9, ECF No. 9.)  The undersigned agrees with Garfield.  Mr. Desai cannot state a § 1988 claim under any set of facts because that section does not provide for a cause of action.  See 42 U.S.C. § 1988 (creating miscellaneous procedures for civil rights cases); Schroder v. Volcker, 864 F.2d 97, 99 (10th Cir. 1988) (finding district court properly dismissed plaintiffs' § 1988 claim because "section 1988 does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions'" (quoting Brown v. Reardon, 770 F.2d 896, 907 (10th Cir. 1985))).  Therefore, the

undersigned RECOMMENDS the District Judge dismiss Mr. Desai's 42 U.S.C. § 1988 claim with prejudice.

## **RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS the District Judge GRANT Garfield's Motion and DISMISS Mr. Desai's Title VII, ADEA, 42 U.S.C. §§ 1981, 1983, and 1985 claims without prejudice and his § 1988 claim with prejudice.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 16th day of February 2018.


BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge