**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY GOVERNMENT,<br><br>Defendant. | **(1) REPORT AND RECOMMENDATION TO GRANT DEFENDANT GARFIELD COUNTY'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 46)**<br><br>**AND**<br><br>**ORDER (2) DENYING MOTION TO LEAVE AMENDED COMPLAINT FILED ON JUNE 11, 2018 (ECF NO. 60) AND (3) DENYING MOTION TO LEAVE CLAIM & RELIEF FILED ON AUGUST 20, 2018 (ECF NO. 59)**<br><br>Case No.  2:17-cv-00024-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

On January 9, 2017, pro se Plaintiff Harshad P. Desai, initiated this case against Garfield County Government ("Garfield County") alleging violations of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C. §§ 1981, 1983, 1985, 1988, 2000e-3, and 2000e-2(j).  (Compl., ECF No. 1.)  Mr. Desai based his claims on Garfield County's failure to hire him for a deputy assessor position in September 2015.  (Compl. 3, 9, ECF No. 1; Attach. 1–3 to Compl., ECF Nos. 1-1–1-3.)  After answering the Complaint, Garfield County moved for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2).  (Def.'s Mot. & Supporting Mem. for J. on the Pleadings, ECF No. 9.)  In

1

opposing Garfield County's Motion, Mr. Desai represented to the Court that this case involves employment discrimination claims only and that this case and the other he has pending in the District of Utah relating to his property tax assessments—Desai v. Garfield County Government, 2:17-cv-1164-DN-EJF (D. Utah)—are "separate cases with individual identities and natures." (Pl.'s Obj. to Def.'s Mot. to Dismiss the Case, ECF No. 24.)

On February 16, 2018, the undersigned[1] issued a Report and Recommendation recommending that the District Judge grant Garfield County's Motion and dismiss all of Mr. Desai's claims. (R. & R. on Def.'s Mot. for J. on the Pleadings ("R. & R."), ECF No. 36.) The Report and Recommendation outlined in detail the many deficiencies with the Complaint, discussed at length below. Based on that analysis, the undersigned recommended the District Judge dismiss Mr. Desai's Title VII, ADEA, 42 U.S.C. §§ 1981, 1983, 1985, 2000e-3, and 2000e-2(j) claims without prejudice and his § 1988 claim with prejudice, granting Mr. Desai leave to replead. (Id. at 21.)

On March 30, 2018, the District Judge adopted the Report and Recommendation in its entirety, including dismissing the § 1988 claim with prejudice. (Order Adopting R. & R. 1–2, ECF No. 37.) The District Judge further provided Mr. Desai until April 27, 2018 to file an amended complaint. (Id.) When Mr. Desai failed to file an amended complaint by that date, the District Judge closed the case. (Order to Close Case, ECF No. 41.) Mr. Desai subsequently filed a motion to reopen the case, which the District Judge granted. (Order to Reopen Case & Granting Leave to Amend, ECF No. 43.) The

---

[1] The District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 6 & 47.)

District Judge also granted Mr. Desai leave to amend his Complaint, ordered that he file the amended complaint by July 6, 2018, and instructed Mr. Desai "to address, if he can, the deficiencies noted in Judge Furse's Report and Recommendation."  (Id.)

On June 6, 2018, Mr. Desai filed a document entitled "Leave to Amend the Complaint," with attached exhibits.  (Leave to Amend the Compl., ECF No. 44, Exs. 1–3, ECF Nos. 44-1–44-3, hereinafter "Am. Compl.")  On June 13, 2018, the District Judge entered an order "notif[ying] Mr. Desai that he need not move for leave to amend," that "[h]e has leave from the court to amend his complaint, so long as he files it on or before July 6, 2018," and denied as moot the request for leave to amend.  (Order Denying as Moot Mot. for Leave to Amend, ECF No. 45.)  Mr. Desai did not file another pleading by July 6, 2018.

Apparently out of an abundance of caution, Garfield County interpreted the "Leave to Amend the Complaint" as Mr. Desai's Amended Complaint and moved to dismiss it, arguing that Mr. Desai failed to state a claim upon which the Court may grant relief.  (Def. Garfield Cty.'s 12(b)(6) Mot. to Dismiss Pl.'s Am. Compl. ("Mot."), ECF No. 46.)  Garfield County argued that Mr. Desai's Amended Complaint fails to state plausible claims under Title VII, the ADEA, §§ 1981, 1983, 1985, and 1988 or under the newly asserted §§ 1986 and 1987.  (See id.)  Mr. Desai filed an Objection to Garfield County's Motion to Dismiss but did not substantively respond to any of Garfield County's arguments.  (Pl.'s Obj. to Def. Garfield Cty.'s 12(b)(6) Mot. to Dismiss Pl.'s Am. Compl., ECF No. 48.)

Following these filings, Mr. Desai attempted to file a document without complying with the Federal Rules of Civil Procedure.  (ECF No. 53.)  The Court ordered that the

document entitled "Leave to Amend Complaint" (ECF No. 44) would constitute the Amended Complaint and the operative pleading in this matter given that Garfield County treated it as such and filed a motion to dismiss it and that the Court would not consider the August 14, 2018 "addendum" to the Amended Complaint Mr. Desai filed because he had not obtained leave of court to amend his complaint.  (Order, ECF No. 54.)

Subsequently, Mr. Desai filed two Motions, apparently seeking leave to file a supplement to his Amended Complaint and to file a separate "claim for relief."  (Mot. to Leave Am. Compl. Filed on June 11, 2018 ("Mot. to Leave Am. Compl."), ECF No. 60; Mot. to Leave Claim for Relief Filed on August 20, 2018 ("Mot. to Leave Claim for Relief"), ECF No. 59.)  Mr. Desai stated that he "moves this court to leave amended complaint filed on June 11, 2018 and the addendum filed on August 14, 2018 (dated August 13, 2018)," and attaches a document called "Motion to Enter Amended Complaint," with exhibits, to his Motion.  (Mot. to Leave Am. Compl., ECF No. 60; Mot. to Enter Am. Compl. & Exs. 1–3, ECF Nos. 60-1–60-3.)  After addressing the Motion to Dismiss, the Court will address Mr. Desai's Motion to Leave and the attached "Motion to Enter Amended Complaint," which the Court interprets as an attempt to supplement his existing Amended Complaint given that he does not identify the document he seeks to file as a proposed Second Amended Complaint, and it contains certain allegations and exhibits that the existing Amended Complaint does not and vice versa.  Garfield County opposed the Motion to Leave Amended Complaint, arguing that the proposed amendment "does not identify any additional factual allegations to support his claim of discrimination" and points out that the proposed supplement largely seeks to add facts and claims relating to Mr. Desai's property tax assessments, which already form the

basis of another case Mr. Desai filed in this District.  (Def. Garfield Cty.'s Opp'n to Pl.'s Mot. to Enter Am. Compl. 1, 3, ECF No. 62.)

The Court held a hearing on the pending Motions.  (ECF No. 65.)  As addressed below, having considered Garfield County's Motion to Dismiss, Mr. Desai's Opposition, Garfield County's Reply, and the parties' arguments at the hearing, the undersigned RECOMMENDS the District Judge DISMISS Mr. Desai's claims against Garfield County with prejudice.  Mr. Desai failed to correct the deficiencies in his original Complaint that the undersigned outlined at length in the prior Report and Recommendation.  His Amended Complaint fails to state a plausible claim for employment discrimination under Title VII, the ADEA or 42 U.S.C. §§ 1981 and 1983, and in fact, pleads facts inconsistent with recovery for employment discrimination based on race, color, national origin, or age.  Additionally, Mr. Desai fails to plead facts showing the existence of a discriminatory Garfield County policy or custom as required to state claims against a municipality under 42 U.S.C. §§ 1981 and 1983, and his purported supplement to his Amended Complaint indicates he cannot identify any such policy or custom.  Mr. Desai also fails to plead facts sufficient to maintain claims under 42 U.S.C. §§ 1985 and 1986, and cannot state a claim under § 1987 since it does not allow for a private right of action.

Further, the Court DENIES Mr. Desai's requests to supplement his Amended Complaint with additional filings.  The Federal Rules of Civil Procedure do not permit piecemeal pleading because it confuses the parties and the Court and makes a meaningful answer impossible.  Each case must have one operative complaint—not a separate amended complaint, supplement, and claim for relief.  Additionally, Mr. Desai's

proposed supplement to his Amended Complaint pleads facts and claims that duplicate those made in his other pending case in this District relating to his property taxes and is futile because it does not add any facts relating to employment discrimination that could salvage his claims in this case.

## RELEVANT BACKGROUND

The Amended Complaint asserts the following facts:

- Mr. Desai "is brown in skin color, Hindu by religion, immigrant from India, male" and ">50 in age."  (Am. Compl. 2, ECF No. 44.)

- Mr. Desai "filed with UALD [Utah Antidiscrimination and Labor Division] to investigate, and establish the facts."  (Id. at 10.)

- "Garfield County – 5,000 population in 1990 and still 5,000 in 2018. Demography – >80% local whites, >80% Christians, >80% republicans (majority by default).  Economy - About 85% institutional jobs [City, County, Law Enforcement (UHP, Sheriff, state prison, etc.), state.  Federal (BLM, National Forest, Post Office, etc.), hospital owned by the county, etc.)."  (Id.)

- "The position was advertised.  This was a show.  The person for the position was predetermined[.]"  (Id. at 11.)

- The selection/interviewing committee included the following four people:

  o "(a) Jon Torgersen (Local white, former mayor) - who had numerous crossings with the plaintiff in the past like but not limited to incident of > 15 dead rabbits thrown at the plaintiff (in Panguitch Inn garage).  The issue never resolved but mayor lost sleep over the plaintiff's persistence on the issue.  City police chief (local white, deceased now) was engaged in grand theft.  Initially, the

plaintiff was suspected.  The plaintiff struggled to clear his name thru exposure of the truth."  (<u>Id.</u> at 11–12.)

> o      "(b) Joseph Thompson (local white, elected county assessor) – The plaintiff is at crossing for years for illegal activities in assessor department."  (<u>Id.</u> at 12.)

> o      "(c) Trudi Owens (Local white woman, city council woman) – She closed her doors (as city council woman) for the plaintiff (for >5 years) as there are numerous issues (like nails in head) for her.  Also, her daughter is director of Garfield county travel council (> 1 million / year in income from 12.25% transient tax).  The plaintiff is perceived as thorn in bed for exercising his rights to access public record, review minutes, etc."  (<u>Id.</u>)

> o      "(d) Tiffnie Wood (local white woman, assistant clerk of Garfield County) – The plaintiff is at cross with her for exercising civil rights (access public records, when obstructed the plaintiff's citing of Utah codes, etc.  Her question to the plaintiff was – 'Can you work with us?'  The plaintiff's response was – 'I worked >16 years in 4 large corporations.  For >20 years, I Am deal with all kinds of people in motel business. -----------.'"  (<u>Id.</u> at 12–13.)

- "A local white young pregnant woman was hired (for the position of deputy assessor).  The plaintiff saw her only once.  Upon filing with UALD, the new hired disappeared."  (<u>Id.</u> at 13.)

- Mr. Desai identifies as "politically independent (unaffiliated)."  (<u>Id.</u> at 15.)

Mr. Desai concludes that Garfield County is "engaged in employment discrimination practice for personal gains," (Am. Compl. at 19, ECF No. 44), and that

the County's conduct violates Title VII, the ADEA, and 42 U.S.C. §§ 1981, 1981a, 1983 (apparently premised on violations of Amendments 1, 5, 6, 7, 9, & 14), 1985, 1987, and 1988.  (Id. at 2–9, 19.)

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"  Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).  The court need not accept the plaintiff's conclusory allegations as true.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each claim."  Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555).  A complaint survives only if it "'states a plausible claim for relief,'" though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context."  Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall, 935 F.2d at 1110, a pro se plaintiff must "'follow the same rules of procedure that govern other

litigants.'"  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"  Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110).  While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  Garrett, 425 F.3d at 840; see also Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (acknowledging court should "not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

## DISCUSSION

### I.   GARFIELD COUNTY'S MOTION TO DISMISS

#### A.  Mr. Desai Fails to State a Claim Under Title VII

Garfield County seeks dismissal of Mr. Desai's Title VII claims.  Garfield County argues that Mr. Desai fails to plead any facts showing the existence of a discriminatory policy adopted by Garfield County, fails to allege sufficient facts to support an inference that Garfield County failed to hire him because of his race, national origin, skin color, or religion, and fails to assert any facts to support the elements of a retaliation claim.  (Mot. 3–7, ECF No. 46.)

1. <u>Title VII Discrimination</u>

Mr. Desai alleges that Garfield County violated Title VII.  (Am. Compl. 2, ECF No. 44.)  Title VII makes "fail[ing] or refus[ing] to hire . . . any individual . . .  because of such individual's race, color, religion, sex, or national origin" unlawful.  42 U.S.C. § 2000e–2(a)(1).  A plaintiff proves a Title VII violation through direct evidence of discrimination or through indirect evidence using the burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1192 (10th Cir. 2012).  A policy that discriminates on its face constitutes direct evidence of discrimination.  <u>Ramsey v. City & Cty. of Denver</u>, 907 F.2d 1004, 1008 (10th Cir. 1990).  For indirect evidence of discrimination, the <u>McDonnell Douglas</u> framework requires a plaintiff first to prove a prima facie case of discrimination.  <u>Khalik</u>, 671 F.3d at 1192.  "To set forth a prima facie case of discrimination, a plaintiff must establish that (1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, (3) [he] qualified for the position at issue, and (4) [he] was treated less favorably than others not in the protected class."  <u>Id.</u>  Under the Rule 12(b)(6) standard, Mr. Desai need not establish a prima facie Title VII case in his Amended Complaint.  <u>See id.</u>  However, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."  <u>Id.</u>  In addition to proving discrimination through direct or indirect evidence, "Title VII forbids . . .  'practices that are fair in form, but discriminatory in operation,' most often referred to as 'disparate

impact' discrimination." Tabor v. Hilti, Inc., 703 F.3d 1206, 1220 (10th Cir. 2013) (quoting Lewis v. City of Chicago, 560 U.S. 205, 211 (2010)).

Mr. Desai's Amended Complaint does not adequately plead facts to support a claim for direct, indirect, or disparate impact discrimination under Title VII. The Amended Complaint not only fails to address the defects outlined in the undersigned's prior Report and Recommendation on Garfield County's Motion for Judgment on the Pleadings, but also remarkably, contains even less detail with respect to his claims than his prior Complaint. The Amended Complaint fails to even identify the position for which Mr. Desai applied or Garfield County's rejection of his application. Moreover, Mr. Desai did not include with his Amended Complaint the exhibits attached to his original Complaint showing he applied for the open position of deputy assessor within Garfield County Assessor's Office and possessed the requisite qualifications for the job. While Mr. Desai's original Complaint no longer has any legal effect and each version of a complaint must be self-contained in one document (see Section II, infra), the undersigned must draw all reasonable inferences on a motion to dismiss in the plaintiff's favor. Therefore, the undersigned will consider the attachments to Mr. Desai's original Complaint because they form part of the record in this case, and Garfield County refers to them as well. (See Mot. 4-5, ECF No. 46.)

Mr. Desai alleged in his original Complaint and attachments that Garfield County has a policy or requirement mandating that it hire "local white only" or "local white young women only." (Compl. 3, 8, ECF No. 1; Attach. 1 to Compl., ECF No. 1-1 at 12.) The undersigned's prior Report and Recommendation noted that the Complaint failed to include facts that tend to support the existence of such a policy and explained that Mr.

Desai's conclusory statements that such a policy exists coupled with statistics about the racial, ethnic, and religious makeup of the county did not meet the Twombly plausibility standard.  (R. & R. 8–10, ECF No. 36.)  Mr. Desai's Amended Complaint does not contain any allegations concerning a "local white" or "local white young women only" policy, let alone additional facts concerning such a policy.  Nor does the Amended Complaint contain allegations concerning any other type of discriminatory policy.  (Compl. 3, ECF No. 1.)  Accordingly, Mr. Desai fails to plead facts to support a claim for direct discrimination or disparate impact discrimination.

Mr. Desai alleged disparate impact discrimination in his original Complaint.  (Compl. 3, ECF No. 1.)  While he did not specifically do so in his Amended Complaint, even if he intended to plead such a claim, he fails to state a claim for disparate impact discrimination because he fails to allege the existence of any Garfield County policy or practice that would have a disparate impact on any protected class to which he belongs.

As to indirect discrimination, Garfield County concedes for purposes of its Motion that Mr. Desai, when considering the attachments to his original Complaint, pleads facts concerning the first three elements of a prima facie case.  (See Mot. 4, ECF No. 46.)  Mr. Desai asserts in the Amended Complaint that he "is brown in skin color, Hindu by religion, immigrant from India, male," (Am. Compl. 2, ECF No. 44), and therefore belongs to a protected group under Title VII.  The attachments to his original Complaint also show that he applied to the open position of deputy assessor within the Garfield County Assessor's Office, possessed the requisite qualifications for the job, and that Garfield County did not hire him for the position.  (Attach. 1 to Compl., ECF No. 1-1 at 2, 7, 8.)  However, Mr. Desai fails to plead any facts to support the plausibility of the fourth

12

element—that Garfield County treated him less favorably than others outside the protected class.  Mr. Desai asserts that "[t]he person for the [deputy assessor] position was predetermined," "[a] local white young pregnant woman was hired (for the position of deputy assessor)," that he saw once, and that she later "disappeared."  (Am. Compl. 11, 13, ECF No. 44.)  While Mr. Desai does not have to name the individual Garfield County hired for the position, his allegations call into question whether this person even existed or whether Garfield County in fact hired her for the deputy assessor position. The allegations that Garfield County both predetermined who they were going to hire and that this individual then "disappeared" are inconsistent, make little sense, and thus fail to state a plausible claim.

Most importantly, however, Mr. Desai does not allege facts sufficient to show that Garfield County did not hire him <u>because of</u> his race, color, religion, or national origin. Accepting all of Mr. Desai's allegations as true and viewing them in the light most favorable to him, he alleges that Garfield County is more than 80% white, Christian, and Republican, that he is politically unaffiliated, that the members of the selection/interviewing committee are white, that "[t]he person for the [deputy assessor] position was predetermined," and that Garfield County hired "[a] local white young pregnant woman."  (Am. Compl. 10–15, ECF No. 44.)  These facts do not sufficiently link Garfield County's failure to hire Mr. Desai to his race, color, religion, or national origin.  Mr. Desai's allegations that Garfield County is largely white, Christian, and Republican, that the selection committee members are white, that he is not white, Christian, or Republican, and that Garfield County ultimately hired a white woman for the deputy assessor position do not support a reasonable inference that Garfield County

13

did not hire him because of his race, color, religion, or national origin.  At best, they allow for a speculative inference that Garfield County did not hire him because of his race, color, religion, or national origin—which does not satisfy the Twombly/Iqbal plausibility standard.  "The allegations [in a complaint] must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins v. Okla., 519 F.3d 1242, 1247 (10th Cir. 2008); see also McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 586 (4th Cir. 2015) ("While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is consistent with discrimination, it does not alone support a reasonable inference that the decisionmakers were motivated by bias. . . . [The plaintiff] can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions." (emphasis in original) (citing Iqbal, 556 U.S. at 678)).

Moreover, while Mr. Desai's allegations in the Amended Complaint concerning Garfield County's motivations go a step beyond speculation in certain instances, these instances only undercut his discrimination claims.  Mr. Desai alleges that the selection/interview committee members had issues with him for reasons unrelated to his race, color, religion, or national origin and that Garfield County "engaged in employment discrimination practice for personal gains."  (Am. Compl. 11–12, 19, ECF No. 44.)  For example, Mr. Desai claims that he had "crossings" over the years with committee member Jon Torgersen and Joseph Thompson (also the County assessor), and that committee members Trudi Owens and Tiffnie Wood took issue with him for exercising his rights to access public records.  (Id. at 11–12.)  Moreover, Mr. Desai's application for

14

the deputy assessor position reveals hostility toward the County assessor's office itself. In his application for the deputy assessor position, Mr. Desai stated that he has "[f]ar more knowledge and understanding than Garfield County Assessor Department has (numerous times Garfield County Assessor was proven wrong)."  (Attach. 1 to Compl., ECF No. 1-1 at 7.)

These factual allegations tend to negate even any speculative inferences that Garfield County failed to hire Mr. Desai because of his race color, religion, or national origin.  Instead, the more "obvious alternative explanation" for Garfield County's decision to hire someone else for the deputy assessor position—that the individual hired was qualified and better suited for the position—is more plausible than the inference that Garfield County did not hire Mr. Desai because they discriminated against him on the basis of his race, color, religion, or national origin.  See Iqbal, 556 U.S. at 682 (finding that "discrimination is not a plausible conclusion" given the "'obvious alternative explanation'" for the conduct at issue (quoting Twombly, 550 U.S. at 567)); McCleary-Evans, 780 F.3d at 588 (finding that the plaintiff's "complaint leaves open to speculation the cause for the defendant's decision to select someone other than her, and the cause that she asks us to infer (i.e., invidious discrimination) is not plausible in light of the 'obvious alternative explanation' that the decisionmakers simply judged those hired to be more qualified and better suited for the positions" (quoting Iqbal, 556 U.S. at 682)).

Simply put, Mr. Desai's Amended Complaint fails to state a plausible claim for employment discrimination under Title VII.  Mr. Desai does not plead sufficient facts linking Garfield County's decision not to hire him for the deputy assessor position to his race, color, religion, or national origin.  Allowing Mr. Desai to proceed on his claims in

this case would mean "that any qualified member of a protected class who alleges nothing more than that []he was denied a position or promotion in favor of someone outside h[is] protected class would be able to survive a Rule 12(b)(6) motion." McCleary-Evans, 780 F.3d at 588. "Such a result cannot be squared with the Supreme Court's command that a complaint must allege 'more than a sheer possibility that a defendant has acted unlawfully.'" Id. (quoting Iqbal, 556 U.S. at 678).

Mr. Desai has had multiple opportunities to plead a claim for Title VII employment discrimination but has failed to do so. He did not remedy any of the deficiencies set forth in the undersigned's prior Report and Recommendation. Instead, his Amended Complaint provides less clarity than his original Complaint and sets forth allegations that in fact refute his Title VII employment discrimination claim. See Lightner v. City of Wilmington, 545 F.3d 260, 264 (4th Cir. 2008) ("In offering this explanation as to the real reason for the employer's action, the plaintiff has undone his case. He has tried to take a statute aimed at discrete forms of discrimination and turn it into a general whistleblower statute, which of course Title VII is not. Title VII prohibits discrimination on the basis of specifically enumerated grounds: 'race, color, religion, sex, or national origin.'" (quoting 42 U.S.C. § 2000e-2(a)(1)). Additionally, Mr. Desai's proposed supplement to his Amended Complaint, while improper for the reasons addressed below, indicates that Mr. Desai cannot identify a Garfield County policy that supports direct or disparate impact discrimination claims at the pleading stage. In that proposed supplement, Mr. Desai states only that Garfield County's unidentified "policy will be known in discovery phase." (Mot. to Enter Am. Compl. 1, ECF No. 60-1.) Therefore,

the undersigned RECOMMENDS that the District Judge dismiss with prejudice Mr.

Desai's Title VII discrimination claims for insufficient pleading.

2.  <u>Title VII Retaliation</u>

Mr. Desai alleged in his original Complaint that Garfield County violated Title VII's

antiretaliation provision, Section 704.  (Compl. 2–3, ECF No. 1.)  Garfield County

apparently read the Amended Complaint as asserting such a claim since it moved to

dismiss it.  (Mot. 6–7, ECF No. 46.)  Therefore, the Court will analyze whether Mr.

Desai's Amended Complaint asserts such a claim.

Title VII makes retaliation by an employer against an applicant for employment

"because he has opposed any practice made an unlawful employment practice by [Title

VII]" unlawful.  42 U.S.C. § 2000e–3(a).  A plaintiff can establish retaliation by directly

showing that retaliation played a motivating part in the employment decision or by

relying on the <u>McDonnell Douglas</u> framework.  See <u>Khalik</u>, 671 F.3d at 1192.  "To state

a prima facie case for retaliation under Title VII, a plaintiff must show '(1) that he

engaged in protected opposition to discrimination, (2) that a reasonable [applicant]

would have found the challenged action materially adverse, and (3) that a causal

connection existed between the protected activity and the materially adverse action.'"

<u>Id.</u> at 1193 (quoting <u>Twigg v. Hawker Beechcraft Corp.</u>, 659 F.3d 987, 998 (10th Cir.

2011)).

The undersigned's prior Report and Recommendation concluded that Mr. Desai

failed plead any facts indicating that Garfield County failed to hire him because he

opposed a discriminatory employment practice.  (R. & R. 10–12, ECF No. 36.)  The

Report and Recommendation also specifically detailed the deficiencies with his

allegations, including that he failed to tie any of his vague allegations about exercising his rights to any alleged speech, activity, or opposition concerning a discriminatory employment practice by Garfield County, and failed to plead facts showing a causal connection between any protected activity and Garfield County's decision not to hire him for the deputy assessor position. (Id.)

As with his Title VII discrimination claim, Mr. Desai's Amended Complaint does not address these deficiencies and again, contains even less detail than the original Complaint. In his Amended Complaint, Mr. Desai once again fails to plead any facts indicating that Garfield County failed to hire him because he opposed a discriminatory employment practice. He does not allege that he engaged in any protected opposition to discrimination. See Alvarado v. Donley, 490 F. App'x 932, 938 (10th Cir. 2012) (unpublished) (recognizing scope of Title VII's "anti-retaliation provision is limited to protection against retaliation for 'protected' activity, that is, activity 'in opposition to discrimination.'") (quoting Argo v. Blue Cross & Blue Shield, Inc., 452 F.3d 1193, 1202 (10th Cir. 2006)). Mr. Desai again fails to plead facts showing a causal connection between activity protected by Title VII and Garfield County's decision not to hire him for the deputy assessor position. Accordingly, he fails to state a plausible Title VII retaliation claim.

Mr. Desai made no attempt in his Amended Complaint to correct the deficiencies with his Title VII retaliation claim that the undersigned outlined in the prior Report and Recommendation, and the Amended Complaint still fails to state a claim for Title VII retaliation. Therefore, the undersigned RECOMMENDS the District Judge dismiss with prejudice Mr. Desai's Title VII retaliation claim.

## B. Mr. Desai Fails to State a Claim Under the ADEA

Mr. Desai also asserts that Garfield County violated the ADEA.  (Am. Compl. 2, ECF No. 44.)  Garfield County moves to dismiss this claim, arguing that Mr. Desai fails to allege "any facts connecting his age to [Garfield County's] hiring decision, or showing that [Garfield County] treated others outside of his protected class differently."  (Mot. 8, ECF No. 46.)

The ADEA prohibits an employer from "fail[ing] or refus[ing] to hire . . . or otherwise discriminat[ing] against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).  The ADEA protects "individuals who are at least 40 years of age."  29 U.S.C. § 631(a).  Thus, the ADEA "bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996).

As with Title VII claims, a plaintiff can prove age discrimination claims through direct evidence or circumstantially by utilizing the McDonnell Douglas framework.  See Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir. 1996).  A plaintiff need not establish a prima facie case to survive a Rule 12(b)(6) motion.  Khalik, 671 F.3d at 1192.  However, the "elements of a prima facie [age] discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Hartley v. Dep't of Agric., No. 10-CV-0323-ZLW-CBS, 2010 WL 5865371, at *3 (D. Colo. Nov. 29, 2010) (unpublished) (quoting Iqbal, 556 U.S. at 678 (internal quotations omitted)), R. & R. adopted, 2011 WL 721861 (D. Colo. Feb. 23, 2011) (unpublished).

Similar to Title VII discrimination claims, to prove a prima facie case of age discrimination, a plaintiff must show: "'1) [he] is a member of the class protected by the [ADEA]; 2) [he] suffered an adverse employment action; 3) [he] was qualified for the position at issue; and 4) [he] was treated less favorably than others not in the protected class." Jones v. Okla. City Pub. Sch., 617 F.3d 1273, 1279 (10th Cir. 2010) (quoting Sanchez v. Denver Pub. Schs., 164 F.3d 527, 531 (10th Cir. 1998)).  Furthermore, to succeed on an age discrimination claim ultimately, "[a] plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision."  Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009).

In the prior Report and Recommendation issued in this case, the undersigned concluded that Mr. Desai failed to state a claim under the ADEA and outlined the deficiencies in his allegations.  (R. & R. 13–14, ECF No. 36.)  Specifically, the undersigned found Mr. Desai failed to allege any facts showing that Garfield County treated him differently from others not in his protected class and pled no facts plausibly suggesting that his age provided the "but-for" cause of Garfield County's failure to hire him for the deputy assessor position.  (Id.)

The Amended Complaint fails to address the deficiencies outlined in the prior Report and Recommendation and again contains even less detail with respect to this claim than the original Complaint.  Mr. Desai does not allege any facts to suggest direct discrimination based on age.  Further, with respect to indirect discrimination—and as Garfield County concedes for purposes of its Motion—when considering the attachments to Mr. Desai's original Complaint, Mr. Desai pleads facts concerning the first three elements of a prima facie case.  (See Mot. 8, ECF No. 46.)  He asserts that

he is over fifty years old, making him part of the protected class under the ADEA.  (Am. Compl. 2, ECF No. 44.)  Moreover, as discussed above, the attachments to his original Complaint also show that he possessed the qualifications for the deputy assessor position, and Garfield County did not hire him for the position.  (Attach. 1 to Compl., ECF No. 1-1 at 2, 7, 8.)  However, Mr. Desai still fails to allege any facts showing treatment different from others not in his protected class.  He alleges that Garfield County hired a "young" woman for the position, (Am. Compl. 13, ECF No. 44), but that allegation fails to make clear whether the individual Garfield County hired falls outside of the protected class or how much younger than Mr. Desai she is.

Most importantly, however, the Amended Complaint fails to assert facts plausibly suggesting Mr. Desai's age provides the "but-for" cause of Garfield County's failure to hire him for the deputy assessor position.  While Mr. Desai does not have to meet the "but-for" causation standard at the pleading stage, the Amended Complaint does not contain any facts suggesting, let alone plausibly alleging, that Garfield County did not hire him for the deputy assessor position because of his age.  In fact, as addressed in the Title VII section, Mr. Desai asserts facts tending to suggest that Garfield County decided not to hire him for reasons having nothing to do with any protected characteristics, including his age.  Simply put, while Mr. Desai alleges that he is over fifty years old and claims that Garfield County violated the ADEA, he fails to allege any facts showing a causal link between his age and Garfield County's decision not to hire him for the deputy assessor position.

Mr. Desai's conclusory allegations fail to state a claim under the ADEA.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at

555).  Moreover, Mr. Desai has had multiple chances to state a claim under the ADEA

but has repeatedly failed to plead any facts to support an age discrimination claim.

Additionally, he made no attempt to address the deficiencies with this claim that the

undersigned identified in the prior Report and Recommendation.  Furthermore, as with

his Title VII claim, Mr. Desai's proposed supplement to his Amended Complaint, in

which he states that Garfield County's "policy will be known in discovery phase,"

indicates that Mr. Desai cannot identify a Garfield County policy that supports a direct

discrimination claim at the pleading stage.  (Mot. to Enter Am. Compl. 1, ECF No. 60-1.)

Accordingly, the undersigned RECOMMENDS the District Judge dismiss with prejudice

Mr. Desai's ADEA claim.

### C.  Mr. Desai Fails to State a Claim Under 42 U.S.C. § 1981

Mr. Desai also alleges Garfield County violated 42 U.S.C. § 1981.  (Am. Compl.

6, ECF No. 44.)  Garfield County argues that Mr. Desai's "claims fail for the same

reasons they fail[] under Title VII," and, specifically, he "has not alleged any facts to

show that Garfield County implemented discriminatory policies or customs, or that a

specific custom or policy contributed to its employment decision."  (Mot. 9, ECF No. 46.)

"[Section] 1981—which declares that all persons 'shall have the same right ... to

make and enforce contracts . . . as is enjoyed by white citizens'—prohibits . . . racial

discrimination in the workplace."  Lounds v. Lincare, Inc., 812 F.3d 1208, 1221 (10th

Cir. 2015) (alterations in original) (quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570

U.S. 338, 354-54 (2013) & 42 U.S.C. § 1981) (internal quotations omitted).  As with Title

VII claims, a plaintiff may prove his § 1981 claims either directly through evidence of

discrimination or indirectly through the <u>McDonnell Douglas</u> framework.  <u>Exum v. U.S.</u>

<u>Olympic Comm.</u>, 389 F.3d 1130, 1134 (10th Cir. 2004) (identifying same prima facie

elements for failure to hire claim as in Title VII cases); <u>see</u> <u>also</u> <u>Baca v. Sklar</u>, 398 F.3d

1210, 1218 n.3 (10th Cir. 2005) (finding plaintiff's § 1981 racial discrimination claim

failed for the same reason his Title VII claim failed); <u>Drake v. City of Fort Collins</u>, 927

F.2d 1156, 1162 (10th Cir. 1991) (stating "that in racial discrimination suits, the

elements of a plaintiff's case are the same . . . whether that case is brought under §§

1981 or 1983 or Title VII").

In addition, for municipal liability to arise under § 1981, Mr. Desai must show that

Garfield County officials "acted pursuant to a 'custom or policy' of 'discriminatory

employment practices.'"  <u>Carney v. City & Cty. of Denver</u>, 534 F.3d 1269, 1273 (10th

Cir. 2008) (quoting <u>Randle v. City of Aurora</u>, 69 F.3d 441, 446 n.6 & 447 (10th Cir.

1995)); <u>see</u> <u>also</u> <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 735–36 (1989) ("[T]o

prevail on [a] claim for damages against [a governmental entity], petitioner must show

that the violation of his 'right to make contracts' protected by § 1981 was caused by a

custom or policy . . .").  "'An unconstitutional deprivation is caused by a municipal

'<u>policy</u>' if it results from decisions of a duly constituted legislative body or an official

whose acts may fairly be said to be those of the municipality itself.'"  <u>Carney</u>, 534 F.3d

at 1274 (emphasis in original) (quoting <u>Marshall v. Columbia Lea Reg'l Hosp.</u>, 345 F.3d

1157, 1177 (10th Cir. 2003)).  "A 'custom has come to mean an act that, although not

formally approved by an appropriate decision maker, has such widespread practice as

to have the force of law.'"  <u>Id.</u> (quoting <u>Marshall</u>, 345 F.3d at 1177).  "[T]o establish a

custom, the actions of the municipal employees must be 'continuing, persistent and

widespread.'"  Id. (quoting Gates v. Unified Sch. Dist. No. 449, 996 F.2d 1035, 1041

(10th Cir. 1993)).  "In attempting to prove the existence of such a 'continuing, persistent

and widespread' custom, plaintiffs most commonly offer evidence suggesting that

similarly situated individuals were mistreated by the municipality in a similar way."  Id.

In the prior Report and Recommendation, the undersigned recommended that

the District Judge dismiss Mr. Desai's § 1981 claim and detailed the deficiencies with

his claim.  (R. & R. 14–16, ECF No. 36.)  The undersigned noted that Mr. Desai failed to

state a plausible claim under § 1981 for the same reasons he fails to state one under

Title VII, as the Court analyzes those claims in the same way.  (Id.)  The undersigned

also noted that Mr. Desai alleged that Garfield County had a "local white" or "local white

young women only" policy but alleged no facts concerning that policy.  (Id.)  In addition,

the undersigned indicated that Mr. Desai failed to allege facts that show any Garfield

County officials acted pursuant to a "custom or policy" of discriminatory employment

practices or that the policy resulted from a legislative body or a specific Garfield County

official whose acts represent the acts of the municipality.  (Id.)  Finally, the undersigned

pointed out that Mr. Desai failed to allege any facts suggesting the existence of a

custom of discrimination in Garfield County's government.  (Id.)

Mr. Desai made no effort to correct any of these deficiencies in his Amended

Complaint.  As addressed above, Mr. Desai still fails to state a plausible Title VII claim,

so his § 1981 claim remains subject to dismissal for the same reasons.  Moreover, the

Amended Complaint does not allege the existence of any discriminatory Garfield County

policy or custom.  While the original Complaint insufficiently alleged the existence of a

"local white" or "local white young women only" policy, the Amended Complaint contains

24

no such allegations.  Nor does it identify any other discriminatory Garfield County

custom or policy.  Further, as already addressed, Mr. Desai's proposed supplement to

his Amended Complaint, in which he states that Garfield County's "policy will be known

in discovery phase," indicates that Mr. Desai cannot identify a Garfield County policy or

custom that supports a §1981 claim at the pleading stage.  (Mot. to Enter Am. Compl. 1,

ECF No. 60-1.)  Therefore, the undersigned RECOMMENDS the District Judge dismiss

with prejudice Mr. Desai's 42 U.S.C. § 1981 claim.

Mr. Desai also cites § 1981a in his Amended Complaint.  (Am. Compl. 6, ECF

No. 44.)  Garfield County apparently does not believe that Mr. Desai intended to assert

a claim for violation of this section since it did not address the claim in its Motion.  In any

event, even if Mr. Desai did intend to assert an independent cause of action under this

section, he may not do so.  Section 1981a does not provide for an independent cause of

action.  See West v. Boeing Co., 851 F. Supp. 395, 400 (D. Kan. 1994) (stating that

"there is no separate violation of § 1981a; there is only a violation of Title VII which

entitles the victim of discrimination to the damages provided for in Title VII and section

1981a"); Powers v. Pinkerton Inc., 28 F. Supp. 2d 463, 472 (N.D. Ohio 1997) (stating

that "§ 1981a does not afford an independent ground for relief but is a statutory

provision for additional recovery of damages in Title VII cases") aff'd, 168 F.3d 490 (6th

Cir. 1998) (unpublished table decision).  Therefore, the undersigned RECOMMENDS

the District Judge dismiss with prejudice Mr. Desai's 42 U.S.C. § 1981a claim.

## D.  Mr. Desai Fails to State a Claim Under 42 U.S.C. § 1983

Mr. Desai asserts a claim under 42 U.S.C. § 1983.  (Am. Compl. 6, ECF No. 44.)

While not clearly pled, Mr. Desai appears to premise his § 1983 claim on employment

discrimination and resultant violations of some combination of the First, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments.  (See id. at 5, 7–9.)  Garfield County moves to dismiss Mr. Desai's § 1983 claim, arguing that it fails for the same reasons as his § 1981 claim.  (Mot. 10, ECF No. 46.)  Garfield County further argues that for independent reasons, Mr. Desai cannot assert claims for violations of the Fifth, Sixth, and Seventh Amendments.  (Id.)

"The elements of a section 1983 claim are the deprivation of rights secured by the Constitution or federal law, and action occurring under color of state law."  Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984).  Section 1983 creates a cause of action for violations of constitutional rights; it does not itself grant any substantive rights.  Id. at 650 (citing Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617–18 (1979) ("[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.")).

As with § 1981 claims, plaintiffs "seeking to impose liability on a municipality under section 1983 must identify a municipal 'policy' or 'custom' causing their injury."  Marshall, 345 F.3d at 1177; see also Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("[I]n Monell [v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978)] and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.").

The undersigned recommended that the District Judge dismiss Mr. Desai's § 1983 claim in its prior Report and Recommendation and detailed the deficiencies in the Complaint's allegations.  (R. & R. 17–18, ECF No. 36.)  The undersigned pointed out

26

that Mr. Desai failed to allege sufficient facts to show that a Garfield County policy or custom caused his injury.  (Id.)  In addition, given that courts review § 1983 claims, like § 1981 claims, under the same framework as Title VII claims, the undersigned concluded that Mr. Desai's § 1983 claim failed for the same reasons those claims failed. (Id. at 18.)  In addition, the undersigned found that Mr. Desai cannot assert a § 1983 claim premised on a Fifth Amendment violation against Garfield County because Garfield County is not a federal actor.  (Id.)

As addressed in the § 1981 section above, Mr. Desai has not alleged the existence of a Garfield County policy or custom of discriminatory employment practices. His claim fails for this reason alone.  Additionally, courts review § 1983 claims under the same framework as § 1981 and Title VII claims.  See Drake, 927 F.2d at 1162 ("[T]he elements of a plaintiff's case are the same, based on the disparate treatment elements outlined in McDonnell Douglas, whether that case is brought under §§ 1981 or 1983 or Title VII."); Baca, 398 F.3d at 1218 n.3 (finding plaintiff's § 1983 racial discrimination claim failed for the same reason his Title VII claim failed).  As addressed at length, Mr. Desai failed to plead a plausible employment discrimination claim under the McDonnell Douglas framework.  Therefore, the Complaint fails to state a plausible employment discrimination claim under § 1983 for the same reasons it also fails to state one under Title VII or § 1981.

Furthermore, as addressed in the undersigned's prior Report and Recommendation, Mr. Desai cannot assert a § 1983 claim premised on a Fifth Amendment violation against Garfield County because Garfield County is not a federal entity.  "From the earliest interpretations of this amendment, courts have agreed that the

Fifth Amendment protects against actions by the federal government." See Smith v. Kitchen, 156 F.3d 1025, 1028 (10th Cir. 1997).  In addition, Mr. Desai cannot assert § 1983 claims premised on the Sixth Amendment because the Sixth Amendment only guarantees the right to a jury trial and counsel to a defendant in criminal cases.  U.S. Const. amend. VI (applying only to criminal proceedings); Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 551 (1976) ("The Sixth Amendment . . . guarantees 'trial, by an impartial jury . . .' in federal criminal prosecutions."); Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006) (stating that "civil litigant[s] ha[ve] no Sixth Amendment right to counsel").  Nor can Mr. Desai assert claims under the Seventh Amendment because that Amendment does not guarantee a right to a jury trial in civil cases where a plaintiff fails to state a viable claim for relief.  Smith, 156 F.3d at 1029  ("The district court's dismissal of [plaintiff's] complaint under Rule 12(b)(6) did not violate [his] right to a jury trial under the Seventh Amendment:  When [plaintiff] failed to plead any facts that would overcome the defendants' complete defenses, there were no facts to be 'tried' by a jury.").

While not specifically addressed in Garfield County's Motion, the undersigned notes that Mr. Desai fails to provide sufficient explanation of his § 1983 claim premised on an alleged violation of the Ninth Amendment.  He asserts that the Ninth Amendment acknowledges that other rights not listed exist.  (Am. Compl. 5, ECF No. 44.)  Mr. Desai fails to identify what right he seeks to vindicate under the Ninth Amendment and thus fails to state a claim.

The Amended Complaint fails to plead facts sufficient to maintain a claim under § 1983.  Moreover, as previously indicated, Mr. Desai's proposed supplement to his

Amended Complaint, in which he states that Garfield County's "policy will be known in discovery phase," indicates he cannot identify a Garfield County policy or custom to support a § 1983 claim at the pleading stage.  (Mot. to Enter Am. Compl. 1, ECF No. 60-1.)  Therefore, the undersigned RECOMMENDS the District Judge dismiss with prejudice Mr. Desai's 42 U.S.C. § 1983 claim.

### E.  Mr. Desai Fails to State a Claim Under 42 U.S.C. § 1985

Mr. Desai also asserts that Garfield County violated 42 U.S.C. § 1985 by engaging in a "[c]onspiracy to interfere with his civil rights."  (Am. Compl. 6, ECF No. 44.)  Garfield County argues that Mr. Desai fails to allege any facts to support a § 1985 obstruction of justice or conspiracy claim, that Mr. Desai cannot use § 1985 to enforce rights created by Title VII, and that he fails to "allege facts to suggest that a conspiracy between two or more individuals plausibly occurred."  (Mot. 11, ECF No. 46.)

An obstruction of justice conspiracy claim under § 1985(2) requires three elements:  "(1) a conspiracy, (2) to deter attendance in court or testimony by force or intimidation or to injure a witness for having appeared in court or testified, and (3) injury to the plaintiff."  Hogan v. Winder, 762 F.3d 1096, 1113 (10th Cir. 2014).  "[A] § 1985(3) claim generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privileges and immunities under the laws."  Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990).  "The essential elements of a § 1985(3) claim are:  (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."  Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).  "Conclusory allegations that the defendants acted in

concert or conspired without specific factual allegations to support such assertions are insufficient to state a claim under § 1985(3)." <u>Archuleta v. City of Roswell</u>, 898 F. Supp. 2d 1240, 1248 (D. N.M. 2012).

In the prior Report and Recommendation, the undersigned recommended dismissal of Mr. Desai's § 1985 claims and detailed the defects in his allegations. (R. & R. 18–20, ECF No. 36.) The undersigned found Mr. Desai's § 1985(2) claim deficient because he failed to assert any facts showing Garfield County, or any Garfield County employees, attempted to deter his appearance in court or injure him for having appeared in court. (<u>Id.</u> at 19.) As to his § 1985(3) claim, the undersigned indicated that Mr. Desai cannot use § 1985(3) to redress Title VII violations and that Mr. Desai did not plead any facts within the limitations period independent of his Title VII employment discrimination claim that would support a § 1985(3) claim. (<u>Id.</u> at 20.) The undersigned also found that Mr. Desai did not plead any facts to show a plausible conspiracy between two or more persons or an act in furtherance of any conspiracy. (<u>Id.</u>)

Again, Mr. Desai failed to remedy any of these deficiencies in his Amended Complaint, which contains less detail than his original Complaint. As an initial matter, in contrast to his original Complaint, Mr. Desai does not specifically claim that Garfield County engaged in obstruction of justice in violation of § 1985(2). However, even if the Court assumes he intends to plead such a claim, he does not state a plausible § 1985(2) claim since he does plead any facts indicating that Garfield County or any of its employees attempted to deter his appearance in court or injure him for having appeared in court. <u>See</u> <u>Hogan</u>, 762 F.3d at 1114 ("[A] [§ 1985(2)] claim fails when the complaint does not allege either that the defendant's actions in some way were designed to

intimidate or deter the plaintiff from appearing in a judicial proceeding . . . or to injure a person for appearing in court.")

Furthermore, Mr. Desai fails to plead facts to support a § 1985(3) conspiracy claim.  While he asserts that Garfield County engaged in a conspiracy, he does not assert any facts beyond those implicated by his Title VII claims to support such a claim. See Drake, 927 F.2d at 1162 (stating that § 1985(3) "may not be invoked to redress violations of Title VII").  Nor does he plead any facts that show a conspiracy between two or more persons or an act in furtherance of any conspiracy.  See Archuleta, 898 F. Supp. 2d at 1248 (finding conclusory allegations of conspiracy "insufficient to state a claim under § 1985(3)").

Mr. Desai has had multiple opportunities to allege facts to support a § 1985 claim but has failed to do so.  Moreover, he made no attempt to remedy the deficiencies in his allegations that the undersigned outlined in the prior Report and Recommendation. Accordingly, the undersigned RECOMMENDS the District Judge dismiss with prejudice Mr. Desai's 42 U.S.C. § 1985 claim.

**F. Mr. Desai Fails to State a Claim Under 42 U.S.C. § 1986**

Mr. Desai asserts a claim under § 1986 "for neglect to prevent prohibited activities."  (Am. Compl. 7, ECF No. 44).  Garfield County argues in its Motion that given Mr. Desai fails to state a claim under § 1985, he cannot state one under § 1986.  (Mot. 11–12, ECF No. 46.)  Brown v. Reardon, 770 F.2d 896, 907 (10th Cir. 1985), holds that a "§ 1986 claim is dependent upon the existence of a valid claim under § 1985."  See also Lindsey v. Thomson, 275 F. App'x 744, 745 (10th Cir. 2007) (unpublished) (affirming district court's finding that "[t]he amended complaint likewise fails to state a

claim under 42 U.S.C. § 1986, as there is no actionable claim under 42 U.S.C. § 1985.").  Therefore, because Mr. Desai fails to state a § 1985 claim, he also fails to state a § 1986 claim.  Accordingly, the undersigned RECOMMENDS the District Judge dismiss with prejudice Mr. Desai's § 1986 claim.

### G.  42 U.S.C. § 1987 Does Not Create an Independent Cause of Action

Mr. Desai also asserts a claim under § 1987.  (Am. Compl. 6, ECF No. 44.) Garfield County moves to dismiss this claim, arguing that § 1987 does not provide a private right of action.  (Mot. 12, ECF No. 46.)  Section 1987 does not create an independent cause of action for a civil plaintiff; instead, it authorizes certain federal officials to prosecute violations of certain federal laws.  See 42 U.S.C. § 1987. Therefore, Mr. Desai cannot assert a claim under § 1987.  See Wilson v. Jackson, No. 3:14-CV-03748-N-BK, 2014 WL 6901810, at *1 & 6 (N.D. Tex. Dec. 8, 2014) (unpublished) (adopting findings, conclusions, and recommendation of magistrate judge to dismiss § 1987 claim because it does not "provide[] an independent cause of action for alleged deprivations of Plaintiff's constitutional rights").  Accordingly, the undersigned RECOMMENDS that the District Judge dismiss with prejudice Mr. Desai's § 1987 claim.

### H.  The District Judge Already Dismissed Mr. Desai's 42 U.S.C. § 1988 Claim

Mr. Desai continues to allege that Garfield County violated 42 U.S.C. § 1988. (Am. Compl. 6, ECF No. 44.)  However, the District Judge adopted the undersigned's recommendation and dismissed Mr. Desai's 42 U.S.C. § 1988 claim with prejudice because that section does not create an independent cause of action.  (Order Adopting R. & R. 2, ECF No. 37.)  Accordingly, Mr. Desai cannot assert that claim in this case.

## II.   MR. DESAI'S MOTIONS FOR LEAVE TO SUPPLEMENT THE AMENDED COMPLAINT

Mr. Desai apparently seeks leave to supplement his Amended Complaint, specifically stating that he "moves this court to leave amended complaint filed on June 11, 2018 and the addendum filed on August 14, 2018 (dated August 13, 2018)," and attaches a document called "Motion to Enter Amended Complaint," with exhibits, to his Motion to Leave.  (Mot. to Leave Am. Compl., ECF No. 60; Mot. to Enter Am. Compl. & Exs. 1–13, ECF Nos. 60-1 & 60-2.)  He also seeks leave to file a "claim for relief," which he admits forms "part of a Complaint."  (Mot. to Leave Claim for Relief, ECF No. 59.)

Garfield County opposes the Motion to Leave Amended Complaint, arguing that the proposed supplement "does not identify any additional factual allegations to support his claim of discrimination."  (Def. Garfield Cty.'s Opp'n to Pl.'s Mot. to Enter Am. Compl. 1, ECF No. 62.)  Garfield County also points out that Mr. Desai represented that this case "addresses his claim that Garfield County discriminated against him when it did not hire him for an assistant assessor position" and that he has another case pending in this District that "addresses his allegations regarding the tax assessments of his properties."  (Id. at 3.)  The Federal Rules of Civil Procedure do not permit piecemeal pleading.  See Fed. R. Civ. P. 7(a).

"An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."  Franklin v. Kan. Dep't of Corr., 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished).  "In other words, a case may have one operative pleading only; a plaintiff may not add to a complaint in piecemeal fashion."  Conrad v. Bendewald, No. 11-CV-305-BBC, 2011 WL 13209598, at *1 (W.D. Wis. Sept. 1, 2011) (unpublished).  Thus, a plaintiff may not  "amend a pleading by simply adding to or

subtracting from the original pleading in subsequent filings scattered about the docket."
Boriboune v. Berge, No. 04-C-0015-C, 2005 WL 256525, at *1 (W.D. Wis. Jan. 31,
2005) (unpublished); see also Brooks-Ngwenya v. Bart Peterson's the Mind Tr., No.
1:16-CV-00193-PPS-SLC, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) (unpublished)
("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a
movant's allegations and intent, and thus, the Court will not accept attempts to
supplement an earlier-filed complaint.").  Instead, if a plaintiff wishes to amend his
complaint, he must seek leave to "file a proposed amended complaint that will
completely replace the original complaint."  Boriboune, 2005 WL 256525, at *1.

    While the Court cannot discern Mr. Desai's intent in filing the Motion to Leave, he
does not appear to seek leave to file an entirely new Second Amended Complaint.  Mr.
Desai's Motion references the "addendum" to the Amended Complaint he improperly
filed, as well as the operative Amended Complaint, asking the Court to "leave" them.
Moreover, he does not title the document he seeks to file "Second Amended Complaint"
or "Proposed Second Amended Complaint"—instead he titles it "Motion to Enter
Amended Complaint."  Additionally, some of the allegations in, and exhibits to, the
current operative Amended Complaint do not appear in the proposed supplement and
vice versa.  Therefore, the Court interprets Mr. Desai's Motion to Leave as an attempt to
supplement the Amended Complaint, not replace it.  In addition, Mr. Desai clearly seeks
to supplement the Amended Complaint with a "claim for relief," which he admits
appropriately forms "part of a Complaint."  The Federal Rules of Civil Procedure do not
allow piecemeal pleading because it confuses the Court and the parties, and it makes
responding meaningfully to the complaint impossible.  See Conrad, 2011 WL 13209598,

at *1 ("If the 'operative pleading' consists of multiple documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer.  To avoid ambiguity, the complaint must be self-contained in one document.").

Furthermore, as Garfield County points out, Mr. Desai's proposed supplement to the Amended Complaint, and the accompanying exhibits, largely relate to his property tax assessments.  Mr. Desai has another case pending in this District on that issue. Desai v. Garfield Cty. Gov't, 2:17-cv-1164-DN-EJF (D. Utah). In a prior filing, Mr. Desai represented that this case involves "employment discrimination" claims only and that his two cases in this District are "separate cases with individual identities and natures." (Pl.'s Obj. to Def.'s Mot. to Dismiss the Case 2, ECF No. 24.)  Mr. Desai's proposed supplement to the Amended Complaint would add facts and claims that duplicate those in his other pending case in this District and have nothing to do with his employment discrimination claims.

Finally, the proposed supplement would prove futile.  "'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'"  Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting Bradley v. J.E. Val–Mejias, 379 F.3d 892, 901 (10th Cir. 2004)); see also Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239–40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ").  The proposed supplement does not add any facts supporting Mr. Desai's employment discrimination claims in this case, and therefore would not change the Court's recommendation that

the District Judge dismiss his claims.  Thus, the proposed supplementation of his Amended Complaint—even if construed as a proper amendment—would prove futile.

Accordingly, the Court DENIES Mr. Desai's Motion to Leave Amended Complaint Filed on June 11, 2018 (ECF No. 60) and Motion to Leave Claim for Relief Filed on August 20, 2018 (ECF No. 59).

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Judge GRANT Garfield County's Motion and DISMISS Mr. Desai's claims in this case with prejudice.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

## ORDER

The Court DENIES Mr. Desai's Motion to Leave Amended Complaint Filed on June 11, 2018 (ECF No. 60) and Motion to Leave Claim for Relief Filed on August 20, 2018 (ECF No. 59).  Mr. Desai may not engage in piecemeal pleading in this case by supplementing his Amended Complaint with various other filings.  Furthermore, Mr. Desai's proposed supplement to his Amended Complaint pleads facts and claims that duplicate those made in his other pending case in this District relating to his property

taxes, and is futile as to this case because it does not add any facts relating to

employment discrimination that could salvage his claims.

DATED this 17th day of January, 2019.

BY THE COURT:

_____

EVELYN J. FURSE
United States Magistrate Judge

37