IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY GOVERNMENT,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-00024-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Harshad Desai sued Garfield County for a number of causes of action based upon the county's decision not to hire him for a deputy assessor position in 2015. This court dismissed the complaint and allowed Desai to file an amended complaint. Garfield County filed a motion to dismiss the amended complaint. [Docket 46]. Magistrate Judge Furse issued a Report and Recommendation that this court dismiss Desai's claims with prejudice. [Docket 69]. Desai objected to portions of the Report and Recommendation. [Docket 71].

First, Desai objected to Judge Furse's recommendation that the court dismiss the retaliation claim. Desai appears to argue that he should not be required to produce evidence in support of this claim at the motion-to-dismiss stage of the litigation. Desai misapprehends the Report and Recommendation. Judge Furse recommended dismissal because the complaint does not allege that Garfield County failed to hire him because of any activity Desai engaged in to oppose a discriminatory practice. It was not his failure to produce evidence, but rather his failure to properly allege facts that led to Judge Furse's recommendation. Thus, the court overrules this objection.

Second, Desai objects to the recommendation that his ADEA claim should be dismissed. Desai argues that the claim should not be dismissed because his allegation that he is over 50 years old is true and he is able to prove it. But Desai again misunderstands the Report and Recommendation. Judge Furse did not disbelieve his allegation regarding his age. She merely pointed out that Desai failed to plead facts showing that Garfield County failed to hire him because of his age. Because Desai failed to engage with the Report and Recommendation's reasoning, the court also overrules this objection.

Third, Desai objects to the recommendation that his claims under 42 U.S.C. § 1981 and § 1983 should be dismissed for his failure to allege a discriminatory custom or policy. Again, Desai argues that he needs discovery to produce evidence supporting his claims. But the recommendation to dismiss is tied to a failure to allege facts, not a failure to produce evidence. The court overrules this objection for the same reasons stated above.

Finally, Desai waived any other argument that the Report and Recommendation was in error by failing to assert it in his objection. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The court has reviewed the Report and Recommendation and concludes it is not clearly erroneous. Thus, the court finds that the interests of justice do not warrant deviation from the waiver rule.

Because the court overrules Desai's objections and finds that all other potential arguments have been waived, it ADOPTS IN FULL the Report and Recommendation.

The court, therefore, ORDERS as follows:

(1) The court GRANTS Garfield County's motion to dismiss. [Docket 46].

(2) Desai's action is DISMISSED WITH PREJUDICE.

SO ORDERED February 14, 2019.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge